DOMINICK IANNELLO *v.* THE TOWN OF WEST HAVEN.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 3—decided May 17, 1945.

*Louis Feinmark,* with whom was *John A. Mele,* for the appellant (plaintiff).

*William L. Hadden,* with whom, on the brief, was *Clarence A. Hadden,* for the appellee (defendant).

ELLS, J. The plaintiff claimed that while he was walking northerly on the east side of First Avenue, a public highway in West Haven, he slipped and fell on an accumulation of ice and snow on a dirt pathway which formed a part of the sidewalk and was rendered unconscious. The defendant's claims of proof were that the plaintiff had walked northerly on the west side of the street, had proceeded to cross First Avenue and had slipped and fallen while crossing the highway. In returning a verdict for the defendant the jury, in answer to an interrogatory, found that the plaintiff did not fall while walking on the pathway.

In his appeal, the plaintiff has assigned error as to various portions of the charge. We shall discuss the only objection made at its conclusion in accordance

with Practice Book, § 156, which was pursued in the assignments of error. Evidence was offered on behalf of the plaintiff that after the fall and injury he was found in the gutter of the roadway. The defendant's claim of proof was that he was found in the traveled portion of the highway. The court summarized the claims of the parties as to the basic issue of fact, whether the plaintiff fell on the pathway or in the roadway.

It reviewed the testimony of the plaintiff that he proceeded north on the easterly sidewalk of First Avenue and fell on the dirt pathway at the place he had testified to. The defendant had produced no direct evidence as to where the fall occurred, but had offered testimony that the plaintiff was found unconscious at a point in the roadway which was about eleven feet west of the easterly edge of the gutter. It was undisputed that there was a space of seven feet between the westerly edge of the dirt pathway and the easterly edge of the gutter. The court stated in effect that the defendant asked the jury to infer, from the fact that the plaintiff was found in the road, that he fell in the road. It did not recite the claim of the plaintiff that the jury could infer that after he fell and was rendered unconscious he pitched down the incline between the dirt pathway and the gutter, which would account for the claimed fact that his body was found in the gutter immediately against the edge of the incline. The only claim of error is that, after the court had stated the inferences which the defendant claimed should be drawn from its evidence as to the place where the plaintiff was found, it should have balanced the charge by stating the plaintiff's claim as to the reason for his presence in the gutter. The court was discussing the issue as to where the plaintiff fell. It had reviewed his direct testimony that he fell on the pathway. The

plaintiff did not claim from the fact that he was found in the gutter that he fell there. Under the circumstances, the court did not commit error in failing to recite, in this portion of the charge, the claims of the plaintiff as to how he came to be in the gutter.

The court sustained an objection to the testimony of a witness offered by the plaintiff which, if admitted, would have been relevant only to prove the icy condition of the portion of the sidewalk upon which the plaintiff claimed he fell. The defendant did not dispute that the pathway was icy; it claimed only that the plaintiff did not fall there, but in the roadway. The jury's decision that the plaintiff did not fall on the pathway made the ruling harmless even if it was erroneous. For the same reasons, the overruling of two attempts by the plaintiff to introduce certain telephone communications was not harmful.

The defendant offered as a witness the driver of a truck, the man who first discovered the plaintiff after his fall and injury, and asked him what he did when his truck came back. Instead of answering the question, he replied, "I said to the officer 'Here he is, you don't need me any more.'" The plaintiff claimed the right to cross-examine this witness as to the entire conversation he had had with the officer. The answer was not responsive and, so far as appears, was wholly irrelevant to any issue in the case. Under these circumstances, we cannot say that the court abused its discretion in sustaining the defendant's objection.

A witness admitted that he had given untrue testimony. After counsel for the defendant had asked him why he had lied, the court examined the witness and he admitted that he had lied. The court then asked him why he lied. The plaintiff claims that the question was improper and prejudicial. That it was prejudicial is not open to

doubt. However, the witness and not the court was the author of the prejudice. We cannot say that the characterization was improper, in view of the witness's repeated admission.

There is no error.

In this opinion the other judges concurred.